UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HYBRID ATHLETICS, LLC AND ROBERT ORLANDO,<br><br>    Plaintiffs,<br><br>    v.<br><br>HYLETE, INC.,<br><br>    Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Hybrid Athletics, LLC ("Hybrid") and Robert Orlando ("Mr. Orlando") (collectively, "Plaintiffs") for their Complaint against Defendant Hylete, Inc. ("Hylete"), allege as follows:

## PARTIES

1. Hybrid is a Limited Liability Company having its principal place of business at 8 Saddle Hill Road, Monroe, CT 06468.

2. Mr. Orlando is an individual with an address of 8 Saddle Hill Road, Monroe, CT 06468.

3. Upon information and belief, Hylete, Inc. is a Delaware corporation with a principal place of business at 560 Stevens Avenue, Solana Beach, California 92075.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction exists by virtue of 28 U.S.C. § 1332, diversity jurisdiction, in that this is an action between a citizen of a state and a citizen of a foreign state, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.  Personal Jurisdiction and venue are proper due to the parties' choice of law provision in a Settlement Agreement dated December 11, 2020, which names the State of Connecticut, as the appropriate venue.

## GENERAL ALLEGATONS

6.  On October 23, 2017, Hybrid filed a Complaint in the United States District Court for the District of Connecticut for trademark infringement against Hylete LLC (the "Original Action"). (*See* Civ. Action No. 3:17-cv-1767, Doc. 1).

7.  On September 12, 2018, Hybrid filed its First Amended Complaint in the Original Action, which document added Hylete, Inc., Ronald L. Wilson, II ("Mr. Wilson"), and Matthew Paulson ("Mr. Paulson") as defendants in that case. (*See* Civ. Action No. 3:17-cv-1767, Doc. 92).

8.  The Plaintiffs and the defendants entered into a Confidential Settlement Agreement, duly executed by Hybrid, Mr. Orlando, Hylete, Mr. Wilson and Mr. Paulson, on December 11, 2020 (the "Settlement Agreement").

9.  Per Section 3.2 of the Settlement Agreement, Hylete is required to pay Orlando a total of four (4) settlement payments due and payable on the first day of November in each successive year starting in 2021 and ending in 2024.

10. In exchange for valuable consideration, which includes the above referenced payments, Plaintiffs agreed to withdraw the Original Action.

## COUNT I – BREACH OF SETTLEMENT AGREEMENT

11. Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

12. Hylete timely made the first payment due November 1, 2021.

13. On October 10, 2022, Mr. Orlando contacted Hylete's Chief Executive Officer, Adam Colton, reminding him of Hylete's upcoming obligation to make its second settlement payment on November 1, 2022.

14. On October 18, 2022, Mr. Orlando and Mr. Colton had a teleconference during which Mr. Colton indicated he was unsure if Hylete would be able to make its second settlement payment on time.

15. Hylete failed to make the second payment due on November 1, 2022.

16. On November 22 and 29, 2022, Mr. Orlando requested an update on the status of the second settlement from Mr. Colton.

17. On November 30, 2022, Mr. Colton stated Hylete was unable to make the second settlement payment.

18. On December 5, 2022, Hybrid and Mr. Orlando's counsel sent a letter to Hylete demanding payment.

19. Hylete has not responded to the December 5, 2022 demand.

20. Per Section 3.2.1 of the Settlement Agreement, "[i]f Hylete fails to make any payment in paragraph 3.2 on its scheduled due date and fails to cure within thirty (30) days, then all remaining scheduled payments in paragraph 3.2 shall immediately become due and a late interest charge, based upon an annual interest rate of eighteen percent (18%), shall begin to accrue immediately on the total remaining sum owed."

21. Per Section 10.5 of the Settlement Agreement, "[i]n the event that any action shall be instituted by any Party for the enforcement of any of its rights in and under this Settlement Agreement, the prevailing Party shall be entitled to recover from the other Party all costs and reasonable attorneys' fees incurred by said prevailing Party in said action."

22. Hylete breached the Settlement Agreement by their failure to make the requirement payment installment due and payable on November 1, 2022.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment of this Court will be entered in its favor and that it be awarded:

(a) Compensatory damages;

(b) Interest, attorneys' fees and costs pursuant to the Settlement Agreement; and

(c) Such other relief as may pertain in law or equity.

Respectfully submitted,

Date: December 13, 2022

*/s/ Michael J. Kosma*
Michael J. Kosma, ct27906
Robert D. Keeler, ct29692
Whitmyer IP Group LLC
600 Summer Street
Stamford, CT 06901
Tel: 203-703-0800
Fax: 203-703-0801
Email: litigation@whipgroup.com
         mkosma@whipgroup.com
         rkeeler@whipgroup.com

ATTORNEYS FOR PLAINTIFFS