UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HYBRID ATHLETICS, LLC AND ROBERT ORLANDO, <br><br> Plaintiffs, <br><br> v. <br><br> HYLETE, INC., <br><br> Defendant. | Civil Action No. <br> 3:22-cv-01586-VAB |

**AFFIDAVIT OF DEBT**

I, Robert Orlando, so solemnly state:

1. I am over the age of 18 years.

2. I understand the obligation of an oath.

3. I have personal knowledge of the facts contained herein based on my personal knowledge.

4. I am the sole owner of Hybrid Athletics, LLC ("Hybrid") a Connecticut limited liability company, with a principal place of business at 8 Saddle Hill Road, Monroe CT, 06468.

5. On or about December 11, 2020, I, along with Hybrid (collectively, "Plaintiffs"), entered into a Settlement Agreement with Hylete, Inc. ("Hylete"), to settle a case pending in the United States District Court for the District of Connecticut, *Hybrid Athletics, LLC v. Hylete, LLC,* No. 3:17-cv-1787 (D. Conn.) (the "Original Action").

6. A true and correct copy of the Settlement Agreement is attached as Exhibit A.

7. As stated in the Settlement Agreement, Hylete, Inc. is a Delaware corporation with a principal place of business at 560 Stevens Ave, Solana Beach, CA 92075.

8. Per Section 3.2 of the Settlement Agreement, Hylete agreed to make four (4) equal annual payments of $25,000 to Plaintiffs, the payments being due on November 1, 2021, November 1, 2022, November 1, 2023 and November 1, 2024.

9. Per Section 3.2.1 of the Settlement Agreement, "[i]f Hylete fails to make any payment in paragraph 3.2 on its scheduled due date and fails to cure within thirty (30) days, then all remaining scheduled payments in paragraph 3.2 shall immediately become due and a late interest charge, based upon an annual interest rate of eighteen percent (18%), shall begin to accrue immediately on the total remaining sum owed."

10. Per Section 10.5 of the Settlement Agreement, "[i]n the event that any action shall be instituted by any Party for the enforcement of any of its rights in and under this Settlement Agreement, the prevailing Party shall be entitled to recover from the other Party all costs and reasonable attorneys' fees incurred by said prevailing Party in said action."

11. Hylete made the first payment due on November 1, 2021 on a timely basis.

12. On October 10, 2022, I contacted Hylete's Chief Executive Officer, Adam Colton, to remind Hylete of its upcoming obligation to make its second settlement payment on November 1, 2022.

13. On October 18, 2022, I had a telephone conference with Mr. Colton during which he indicated he was unsure if Hylete would be able to make the second settlement payment on time.

14. Hylete failed to make the second settlement payment due on November 1, 2022.

15. On November 22 and November 29, 2022, I requested an update from Mr. Colton on the second settlement payment.

16. On November 30, 2022, Mr. Colton said that Hylete was unable to make the second settlement payment.

17. On December 5, 2022, I instructed my counsel to send a letter to Hylete demanding payment.

18. Hylete has not responded to the December 5, 2022 letter.

19. Per the Settlement Agreement, Hylete owes Hybrid $75,000 in unpaid payments, interest in the rate of eighteen percent (18%) per annum, and attorneys' fees and costs.

20. As of the date of this writing, Defendant Hylete, Inc. owes Plaintiffs Hybrid Athletics LLC and myself the following (not including attorneys' fees and costs):

| | |
|---|---|
| Money Owed | $75,000 |
| Interest from 11/1/2022 – 2/23/2023 @ 36.99 per day | $4,216.86 |
| Total Owed as of February 23, 2023 | $79,216.86 |

21. Interest continues to accrue at a rate of $36.99 per day at the interest rate of 18%.

22. Plaintiffs have been damaged by Hylete's failure to abide by the terms of the Settlement Agreement.

23. I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate to the best of my knowledge.

2/23/23
Date

_Robert Orlando_
Robert Orlando

3